768

Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation made under the Workmen's Compensation Law by the State Industrial Board, from April 16, 1940, to September 24, 1940, at eight dollars per week, on account of reduced earnings. The only point involved is whether the evidence sustains the Board's finding that the claimant was disabled after April 15, 1940. He did not return to work until September twenty-fourth. Claimant has sustained a fracture of the skull and concussion. A physician's examination on April fifteenth showed that he was then partially disabled and that he could not work above the ground level. He was a handy man and had to climb ladders in his work. He, at that time, still suffered from pains in his head and dizziness. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of SOL WUNCH, Respondent, against UPPER NEW YORK MOVERS ASSOCIATION, INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by uninsured employer from a decision of the State Industrial Board which held that the claimant's accident arose out of and in the course of his employment. Claimant was injured while in the employ of the employer-appellant, as a business agent, his duties being to investigate jobs and collect dues from members of the incorporated association. Three other men were employed at this work, all of whom were required to have and operate automobiles in the performance of their duty. While claimant was driving his automobile for the purpose of collecting dues he was injured in a collision with a tree, the injuries sustained being the basis of the award. The Industrial Board found that at the time of the accident the employer had in its employ regularly four workmen or operators and that the claimant's accident arose in the course of his employment. This finding is amply sustained by the evidence. The award should be affirmed. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss, Schenck and Foster, JJ., concur; Crapser, J., dissents. I dissent and vote to reverse the award and dismiss the claim on the ground that the claimant is not one of the persons covered by the Workmen's Compensation Law of the State of New York.

In the Matter of the Claim of JOHN HUGHES, Respondent, against ALBERT L. HELD, Doing Business as HELD ELECTRIC CO., and STANDARD ACCIDENT INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision and award of the State Industrial Board which held that there was a causal relation between claimant's accident and the condition in his right eye which necessitated enucleation of the eye. The award was for total temporary disability for six weeks and $600 for serious facial disfigurement. Claimant had lost the use of the eye sometime prior to the accident. There was medical proof that the accident was the exciting factor in lighting up this old condition and that the train of symptoms and objective findings resulted from the accident. There is also proof to sustain the finding of total temporary disability. The claim that the $600 awarded for serious facial disfigurement is excessive, in this instance raises only a question of fact which has been passed upon by the Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of DOROTHY KATHLEEN MURPHY, Respondent, against MARY IMMACULATE HOSPITAL and THE MASSACHUSETTS BONDING &