NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH MAZZARELLA, PETITIONER, v. COMPO-SITE, INC., RESPONDENT.

Decided May 14, 1942.

For the petitioner, *William A. Schilling.*

For the respondent, *George E. Meredith.*

\*     \*     \*     \*     \*     \*     \*

It appears from the stipulated facts and the undisputed testimony that the petitioner met with an accident arising out of and in the course of his employment on July 19th, 1941, and that as a result of that accident the vision in the petitioner's right eye was destroyed. The petitioner concededly has 100% loss of vision in the right eye.

The testimony further shows that prior to the accident the petitioner had defective vision in his left or uninjured eye, and that he was granted a conditional driver's license because of this visual defect in the year 1939.

Dr. Benjamin B. Adelman, who testified on behalf of the petitioner, found the vision of the left or uninjured eye to be 50% below normal on his first examination made on March 14th, 1942, but on a subsequent examination made on April 7th, 1942, the vision had improved approximately 50%. On the theory that binocular vision is more satisfactory than single vision brought about by the loss of the injured eye, the doctor was of the opinion that the petitioner was 40% totally and permanently disabled.

Dr. E. S. Sherman, the attending physician, was called by the respondent. He testified that the right or injured eye was industrially blind. In the left or uninjured eye the doctor found on his first examination a condition which he described as an "amblyopic eye" and that the vision was reduced to 20/120. On subsequent examinations he found the condition of the left eye had improved progressively to the point that his last test indicated a 20/30 Snellen reading, which, in the opinion of the witness, represented a 6% loss of vision.

Dr. Jack Blumberg was called by the respondent. He testified that the only loss of vision attributable to the accident was the total loss of vision in the right eye.

On this testimony the petitioner contends that he is entitled to disability in terms of permanent total disability, and seeks to justify his position on the authority of the case of *Obser* v. *Combination Rubber Manufacturing Co.*, 42 *N. J. L. J.* 212; *affirmed*, 115 *Atl. Rep.* 138.

I am unable to agree with this viewpoint both from the particular facts of this case and from the more recent opinions of our upper courts.

From the factual standpoint it seems inconceivable to me that a respondent should be held liable for any damage over and above the loss of the injured eye, particularly so when the opposite or uninjured eye was improved by virtue of circumstances resulting from the accident.

From the legal standpoint the case of *Obser* v. *Combination Rubber Manufacturing Co., supra,* has been expressly overruled because of amendments and changes in the statute recited at length in the case of *Richardson* v. *Essex National Trunk and Bag Co., Inc., et al.,* 119 *N. J. L.* 47; 194 *Atl. Rep.* 622.

As stated in that opinion:

"Thus the legislature set out to, and did, eliminate the employer's liability for an accident unrelated to the employment of the injured person. We discern in its legislation of 1936 a clear intent not to impose any greater obligation upon an employer who hires or employs a person previously injured than if he had hired a person not so injured." (See, also, *Ruffin* v. *Albright, State Treasurer, et al.,* 121 *N. J. L.* 424; 3 *Atl. Rep.* (*2d*) 135.)

Nor can I agree with the petitioner's contention that because a person with single vision does not see as well as one with binocular vision that he is entitled to compensation over and above the scheduled loss provided by *R. S.* 35:15-12s. Presumably this factor was considered by the legislature in preparing the schedule of losses, and I am bound by the plainly stated provisions of the statute.

From the stipulations entered into and the testimony adduced I find that the petitioner is entitled to 15 weeks compensation for temporary disability at the rate of $13.33 per week, all of which has been paid by the respondent. I further find that the petitioner is entitled to 100 weeks compensation based on 100% loss of the right eye at the rate of $13.33 per week. Inasmuch as the respondent has heretofore paid 25 weeks of this allowance, there remains a balance of 75 weeks still due.

I allow Dr. Benjamin Adelman the sum of $40 for his examinations in preparation for trial and for his appearance and testimony in this matter, which allowance is to be assessed against the petitioner. Inasmuch as the respondent by notice duly served upon the petitioner's attorney under date of November 25th, 1941, which was long before the trial date, agreed and offered to pay temporary compensation for 15 weeks and permanent compensation for 100 weeks in discharge

of its obligation under the statute, I am unable to allow a counsel fee to the petitioner's attorney in view of the provisions of *R. S.* 34:15-64.

It is, therefore, * * * ordered that the respondent continue payments to the petitioner for the balance of 75 weeks provided by this order, and that the petition be dismissed.

HARRY S. MEDINETS,
*Deputy Commissioner.*