BATEMAN MANUFACTURING COMPANY, PROSECUTOR-DEFENDANT, v. JAMES E. SMITH, PLAINTIFF-RESPONDENT.

Submitted December 4, 1913—Decided February 24, 1914.

1. Any award made under section 2 of the Workmen's Compensation act must be according to the schedule in paragraph 11 and is limited thereby.
2. The amount to be awarded under section 2 of the Workmen's Compensation act to the employe is not to vary according to his age or the character of his work or his expectation of life ; the only variance between the cases of different employes is that caused by a difference in wages earned.

On *certiorari* to Camden Pleas.

Petition under Workmen's Compensation act.

The facts were thus found by the trial judge: "The petitioner was working in the polishing department setting a radiator and while engaged in his duties in the employ of the said Bateman Manufacturing Company in setting the said radiator it fell on him and broke both bones of his right leg and crushed and dislocated the ankle of said right leg, and also caused a shock to the nervous system which has enfeebled and aged the said petitioner and caused a total disability, permanent in quality, so that the petitioner will never again be able to resume his occupation or any other occupation of a similar character. That the said injuries amount to more than the loss of a foot and did not result in an injury partial in character but in a total disability, permanent in quality."

The judge was ruled to certify the facts upon which he concluded that the disability was total in character and permanent in quality, and amounted to more than the loss of a foot, and also to certify the evidence to support his findings.

Before Justices SWAYZE and BERGEN.

For the plaintiff-respondent, *Joseph Beck Tyler.*

For the defendant-prosecutor, *Lewis Starr* and *S. Huntley Beckett.*

The opinion of the court was delivered by

SWAYZE, J. The respondent's brief and the evidence returned in response to the rule show that the only basis for finding the disability total is in the fact that the petitioner is seventy-three years old, and a plumber and steamfitter; the injury would have been less in a case of a younger man since the bones would have united, and less in case of a man who could do his work in a sitting posture than in the case of the defendant whose work required him to be on his feet.

We think the trial judge has confused the rule for compensation under section 1 of the act of 1911, with that under section 2. Section 1 provides for compensation without limitation. Section 2, placitum 7 (*Pamph. L.* 1911, *p.* 136), provides for compensation according to the schedule contained in paragraph 11. Necessarily, any award under this section must be limited by the terms of the schedule. The probable reason for the distinction made by the legislature between proceedings under the two sections is that section 1 requires proof of the employer's negligence, and section 2 gives the employe an absolute right to compensation for injury by accident arising out of and in the course of the employment. The greater certainty of recovery under section 2 was probably supposed by the legislature to be an equivalent for the possibility of a larger recovery under section 1. It seems to have been thought necessary or advisable to make the amount also certain, as far as possible, and for this reason an elaborate schedule was adopted. This schedule, in order to serve its purpose, must be applicable alike to all ages and to all classes of employes. There is no suggestion that the amount to be awarded to a man should be larger because on account of his age the permanent injury to him may be greater, nor that it should be less because on account of his youth and probability of complete recovery the pecuniary injury may be less; nor is there any suggestion that the award should be diminished where, as in the present case, the expectation of life is less than the four hundred weeks for which pay is permitted in case of total disability. The only variance contemplated by the statute is that caused by a difference in wages earned. The total disability is, to use the words of the act, a disability total in *character,* words which necessarily refer to the character of the disability considered in itself and not to the effects produced which have no fixed character but vary with the peculiarities of each individual. Were it otherwise, we should have to determine what kind of a man was meant by the legislature to receive the standard statutory compensation—whether a young and vigorous man or an old and decrepit man or someone between the

two extremes; and we should then have to vary the award in each individual case and perhaps never find the typical normal standard. If it is, as we think cannot be doubted, the character of the injury, not the peculiar and varying character of the individual injured, that the statute means, we must look to subdivision C, of paragraph 11, section 2. The character of a total disability is there fixed as the loss of both hands, both arms, both feet, both legs, both eyes, or any two thereof. Whether this statutory definition of a total disability is exhaustive or not, it is clear that the loss of one leg is not, in view of the statute, of the same character as the loss of both. If there could be any doubt on this subject, it would be removed by the fact that the statute carefully provides for the loss of one leg as a partial disability.

The trial judge erred in awarding compensation for four hundred weeks; it should have been for one hundred and seventy-five weeks only. The judgment must be reversed, but without costs.