COMBINATION RUBBER MANUFACTURING COMPANY, PROSECUTOR, v. RICHARD OBSER ET AL., RESPONDENTS.

Submitted July 1, 1920—Decided November 16, 1920.

1. A workman, having already lost one eye at the time of entering on a new employment, sustained an accident arising out of and in the course of such employment, which caused the loss of his remaining eye, and thereby rendered him totally blind. *Held*, that an award as for total and permanent disability was justified by paragraph 11 of the Workmen's Compensation act of 1911, as amended by chapter 174 of the laws of 1913. *Pamph. L., p.* 302.

2. The Workmen's Compensation act is to be treated as a remedial statute and should be liberally construed like other statutes of that character.

On *certiorari* to the Essex Common Pleas of an award of workman's compensation.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *John W. Bishop, Jr.*

For the defendant Obser, *Howard S. Dodd.*

The opinion of the court was delivered by

PARKER, J.  The question is whether the trial court properly awarded compensation as for total and permanent disability for the loss of petitioner's remaining eye, he having already lost one eye before entering prosecutor's employ. The relevant provisions of section 11 of the act, as amended in 1913 (*Pamph. L., p.* 302), are as follows:

"For the loss of an eye, 50 per cent. of daily wages during 100 weeks."

(b) "For disability total in character and permanent in quality, 50 per cent. of the wages received at the time of in-

jury. * * * This compensation shall be paid during the period of such disability, not, however, beyond 400 weeks."

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability, to be compensated according to the provisions of clause (b).

"In all other cases in this class, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall bear such relation to the amounts stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

It is claimed for prosecutor that what the employe lost by the accident was "an eye," and, inasmuch as the act prescribes specific compensation for the loss of an eye, that clause should be applied. But this we conceive to be too literal an application of the letter of the statute, with results quite inconsistent with its spirit. That the act is remedial in character appears by the entire trend of decision in this state in cases arising under it, of which it is sufficient for present purposes to cite *Jensen* v. *F. W. Woolworth Co.*, 92 *N. J. L.* 529, a very recent decision of the Court of Errors and Appeals. As a remedial act it should be liberally construed; and applying this rule, we are clear that as respects major injuries, like the loss of an eye, an arm, or a leg, the legislature was dealing with a situation in which the other eye, arm or leg would still be available. The case of *Bateman Manufacturing Co.* v. *Smith*, 85 *Id.* 409, is not at variance with this view; for, in that case, the claim was for loss of one of two legs, plus nervous shock caused by the injury. We think this is not parallel with a case in which a one-legged man is deprived of his only remaining leg, or a one-eyed man of his sole eye. Such cases come within the general clause of subdivision (c) of section 2 of paragraph 11, as amended in 1913, already quoted. "In all other cases in this class, *or where* * * * *any physical function is permanently impaired.*" The petitioner had eyesight when he entered on his employment; that eyesight was a physical function; it was destroyed utterly. True, the word "impair," taken literally, does not cover total

destruction of a function; but here, again, the spirit should not be killed by the letter. The compensation prescribed by . the clause is the same proportion of that provided for loss of both eyes (involving total blindness) as the disability produced by the injury in question (total blindness) bears to that produced by the loss of both eyes, *i. e.,* the same. Such a view was enunciated by the Supreme Court of Massachusetts under the statute of that state. *In re Branconnier,* 223 *Mass.* 273.

The trial judge was manifestly entitled to find that petitioner had suffered a total loss of the function of vision, and that this entitled him to the same compensation as a disability produced by the loss of both eyes. This was the method applied in *Vishney* v. *Empire Steel and Iron Co.,* 87 *N. J. L.* 481; *Orlando* v. *Ferguson,* 90 *Id.* 553; *Purcell* v. *International Motor Co.,* 91 *Id.* 707, all of which cases arose after the amendment of 1913.

The judgment will be affirmed.