# IN THE MATTER OF STANLEY HESSLEY, EMPLOYE v. MINNEAPOLIS STEEL CONSTRUCTION COMPANY, EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, INSURER.[1]

October 5, 1923.

No. 23,362.

Employe entitled to compensation for loss of eye, even though vision was badly impaired.

Under the Workmen's Compensation Act the amount to be paid an employe for an injury to an eye which necessitates its removal is the sum stated in the schedule for the loss of an eye, even though the sight in that eye had been almost wholly destroyed in childhood.

Upon the relation of the Minneapolis Steel Construction Company and another the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review proceedings brought under the Workmen's Compensation Act by Stanley Hessley, as employe, against the Minneapolis Steel Construction Company, as employer, and its insurer. Affirmed.

*L. N. Foster*, for relators.

*William H. Evans*, for respondent.

BROWN, C. J.

Certiorari in review of proceedings under the Workmen's Compensation Act.

The facts are not in dispute. Both parties are within and subject to the compensation act, plaintiff, the employe, and the Minneapolis Steel Construction Company, the employer. On November 3, 1921, while in the discharge of the duties of his employment, plaintiff received an accidental injury to his left eye which necessitated the removal thereof from its socket, resulting in a complete loss of that member.

[1]Reported in 195 N. W. 274.

Plaintiff is 28 years of age. When of the age of 9 years he received an injury to that particular eye which substantially destroyed the usefulness thereof, though not wholly, applicant being able to distinguish light from darkness, distinguish persons and vehicles approaching him; the vision was blurred and could not be used in reading. The other eye was perfect. When the prior accident occurred applicant was not an employe and received no compensation under the statute, for the law had not at that time been enacted.

The Industrial Commission, on the facts stated, awarded applicant compensation as for the loss of an eye, as fixed by the schedule found in section 14, c. 82, p. 94, Laws 1921, namely, 66 2/3 per centum of the daily wage at the time of the injury for the period of 100 weeks.

The conclusion of the commission must be sustained. The statute makes no attempt to measure the compensation for the loss of an eye from the viewpoint of its usefulness. The loss thereof as a "member" of the body, Chiovitte v. Zenith Furnace Co. 148 Minn. 277, 181 N. W. 643, is compensated without reference to that question. State ex rel. Garwin v. District Court, 129 Minn. 156, 151 N. W. 910; Robertis v. Columbia Shirt Co. 186 App. Div. 397, 173 N. Y. Supp. 606; Purchase v. Grand Rapids Refrig. Co. 194 Mich. 103, 160 N. W. 391; Northwestern Fuel Co. v. Leipus, 161 Wis. 450, 152 N. W. 856. The case of Zinken v. Melrose Granite Co. 143 Minn. 397, 173 N. W. 857, is not in point in its facts. The compensation for the loss of the eye as a member is specific, and to the effect ordered by the commission.

We do not stop to consider the relative injury provisions of the act; they are inapplicable to the facts here presented. What the rights of the parties would be in the case of a total loss of the use of a member, arm, leg or eye, and payment therefor under paragraph (c) of section 14, c. 82, pp. 94, 96, Laws 1921, followed by a second injury to the same member, resulting in the total loss thereof, by severance from the body, we leave for determination when the precise case arises. Although in the case at bar plaintiff received an injury to the particular eye, materially impairing its usefulness, the

workmen's act was not then in force, and he received no compensation for that injury.

PER CURIAM.

For the reason stated in the foregoing opinion, prepared by the late Chief Justice Brown and in accordance with the conclusion of the court, the judgment of the Industrial Commission is in all things affirmed.