RYE v. CHEVROLET MOTOR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—"LOSS OF
AN EYE" MEANS LOSS OF VISION.

> The "loss of an eye," within the meaning of the work-
> men's compensation act, is the loss of the sight or vision,
> and therefore where an employee had lost the sight of
> his left eye when he was a boy he was not entitled to the
> specific compensation for the loss of an eye provided by
> 2 Comp. Laws 1915, § 5440, as amended, by reason of
> an accident received in the course of his employment
> necessitating the removal of said eye.[1]

Certiorari to Department of Labor and Industry.
Submitted October 28, 1924.    (Docket No. 184.)    De-
cided December 10, 1924.

James Rye presented his claim for compensation
against the Chevrolet Motor Company for the acci-
dental loss of an eye in defendant's employ.    From
an order awarding compensation, defendant brings
certiorari.    Reversed, and order vacated.

*Carlos J. Jolly* and *J. G. Stevenson,* for appellant.

BIRD, J.    This is a claim for an award under the
workmen's compensation act.    An award of $1,400
was made by the department of labor and industry for
the loss of an eye, and defendant reviews the same
by certiorari in this court.

Plaintiff, 35 years of age, was employed as a fore-
man in defendant's manufacturing plant.    While at-
tempting to separate two of his men, who were fight-

---

[1]Workmen's Compensation Acts, § 92 (1926 Anno).

On award of compensation for loss or impairment of eyesight
within meaning of workmen's compensation acts, see notes in
8 A. L. R. 1324; 24 A. L. R. 1466.

ing, plaintiff was struck and injured in the left eye. This resulted in a hemorrhage of the eye ball. Three days later the eye ball was removed. Plaintiff, as a result of the operation, was in the hospital for a time, and at the end of two and one-half weeks he returned to his work. Compensation was paid to him during his disability, and, in addition, all medical and hospital expenses by defendant. The eye which was removed was without vision. The sight of the eye was destroyed by accident when plaintiff was a boy nine years of age. He testified that the eye in question was no help to him in his work, and that he did his work as well as he did before the accident. He further testified that a glass eye has been inserted in its stead, and that the effect of the cold wind on the glass eye gives him some discomfort.

It is defendant's contention that the award should not be upheld, inasmuch as plaintiff has not lost an eye, within the meaning of the compensation act. The language of the compensation act (2 Comp. Laws 1915, § 5440, as amended by Act No. 64, Pub. Acts 1919 [Comp. Laws Supp. 1922, § 5440]), in providing for an award in such cases, is:

"For the loss of an eye, sixty per centum of average weekly wages during one hundred weeks."

In using the words "the loss of an eye" the legislature evidently intended the loss of the sight or vision of an eye rather than the loss of the physical eye. That this was the meaning intended by the legislature is made apparent by the fact that if the physical eye is seriously injured and the sight is not appreciably affected, there would not be the loss of an eye, whereas if the sight or vision is destroyed without a destruction of the physical eye, the loss of an eye, under the act, would be conceded. If this be the proper construction, the plaintiff had no left eye to lose when he began work for defendant. If he had no left eye

within the meaning of the compensation law, he suffered no compensable loss when the physical eye was removed.    He sees now as well as before, and the accident which occurred does not interfere with his work.

The idea back of the compensation law is compensation for a loss to the employee by accident.    To award plaintiff a sum of money when he has lost nothing is placing a burden upon industry which was never contemplated by the statute.    The award made by the department of labor and industry should be vacated and set aside.    No costs will be allowed.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.