## CHARLES SHAUGHNESSY v. DIAMOND IRON WORKS.[1]

March 26, 1926.

No. 25,227.

**Award of compensation sustained.**
Four cases followed.   [Reporter.]

Workmen's Compensation Acts, C. J. p. 97 n. 40 New; p. 122 n. 40.

---

See notes in 8 A. L. R. 1324; 24 A. L. R. 1466; 28 R. C. L. p. 818; 3 R. C. L. Supp. p. 1598; 5 R. C. L. Supp. 1577.

See notes in L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 827 et seq.; 3 R. C L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580.

Certiorari directed to the Industrial Commission to review its award of compensation in a proceeding brought under the Workmen's Compensation Act.   Affirmed.

*Durham & Lystad,* for relators.

*Clifford L. Hilton,* Attorney General and *Hugo V. Koch,* for respondent.

PER CURIAM.

Certiorari to review the decision of the Industrial Commission awarding compensation to Charles Shaughnessy for the loss of an eye.

The claimant is a machinist employed by the Diamond Iron Works. In December, 1922, while operating a lathe, a small piece of steel struck his right eye and injured it to such an extent as to cause "industrial" blindness in that eye. He was paid full compensation for the loss of the sight of the eye by the insurer. On January 3, 1925, while working at the same machine for the same employer, who still had the same insurer, a small particle of metal or emery dust struck the same eye and was later removed by the same doctors who had treated him for the previous injury. On January 30, 1925, panophthalmitis, described as a virulent infection of the entire eyeball, developed, which necessitated the removal of the eyeball. Thereafter the claimant brought this proceeding against both employer and insurer to recover compensation for the loss of the eye.

The relators contend that, having paid full compensation for loss of the use of the eye resulting from the first accident, they cannot be required

[1]Reported in 208 N. W. 188.

to pay compensation for loss of the eye resulting from the second accident. This is no longer on open question, having been considered in four previous cases. State ex rel. Garwin v. District Court, 129 Minn. 156, 151 N. W. 910; Hessley v. Minneapolis Steel Const. Co. 156 Minn. 405, 195 N. W. 274; Warheim v. Melrose Granite Co. 161 Minn. 275, 201 N. W. 543; and Mosgaard v. M. St. Ry. Co. 161 Minn .318, 201 N. W. 545. It was recognized that such an award resulted in giving the claimant double compensation for the impairment of his earning power, but the court felt constrained to give effect to the plain language of the statute. As the statute giving compensation for the loss of a member makes no exceptions, the present case falls within it.

The relators further contend that no causal connection was shown between the second accident and the infection which necessitated the removal of the eye. The evidence tending to show such causal connection was weak as compared with the opposing evidence, but we think it was sufficient to make the question a question of fact, and the finding must stand. The award is affirmed.