## THOMPSON-STARRETT CO v FERGUSON

Ohio Appeals, 1st Dist, Hamilton Co

No 4048. Decided March 14, 1932

Eugene Carlin, Columbus, for plaintiff in error.

John Cowell, Cincinnati, for defendant in error.

ROSS, PJ.

We are requested to reverse the judgment of the trial court for two principal reasons: First: That the Court of Common Pleas had no jurisdiction in the second trial to entertain the appeal from the Industrial Commission.

It is contended that the first finding or recommendation of the Commission was made July 16, 1924, and was a final order. The court found otherwise, and it would be manifestly unjust, in view of such undisturbed ruling of the court, to now declare it was a final order, and thus preclude the defendant in error from any hearing upon appeal in the Court of Common Pleas. However, as has been said, our examination of the record fails to disclose any final order of the Commission as of date of July 16, 1924. The proceeding filed with the Industrial Commission in 1927, after the Court of Appeals had dismissed the petition in error, while termed an "Application for Modification of Award," was to all intents and purposes simply an application for a final order in the case, which was made November 19, 1930, and was the first final order made by the Commission. The appeal to the Common Pleas Court was filed withing thirty days thereafter.

It is admitted that this matter was pending before the Industrial Commission when the law was amended, permitting rehearing and making the denial thereof a precedent condition to proceedings in the Court of Common Pleas. Under the provisions of §26, GC, the new law was inapplicable to the pending proceeding.

W. S. Tyler Co. v Rebic, 118 Oh St, 522. Industrial Commission v Vail, Industrial Commission v Kenemy, 110 Oh St, 304. Kossick v Sharon Steel Hoop Co., 113 Oh St, 33. Industrial Commission of Ohio v Hilhorst, 117 Oh St, 337, at 339.

The law in force at the time of initiating the matter before the Commission has been followed.

Passing to the second contention—It is claimed that the defendant in error can not be compensated for the loss of an eye, because he did not have at the time it was removed the sight of the eye.

In view of the fact that it has been definitely held that it is not necessary that an employe should have an eye removed in order that he be compensated in full for the loss thereof, if the sight was completely destroyed, and that complete destruction of the sight in an eye is therefore a complete loss of the eye, we consider the contrary proposition equally logical, that if there were no sight in the eye, the removal thereof would not, in the eyes of the law, be a loss of an eye, entitling the employe to compensation for loss of the eye—but in reality loss of the sight furnished by the eye. Otherwise, an employe might be twice compensated, first, for the loss of complete sight, and then for the loss of the eye itself.

In the instant case this question was definitely considered by the jury, which found inferentially, by their general verdict, and specifically by the answers to the interrogatories, that the defendant in error had sight in the eye removed, for the loss of which he was entitled to compensation.

We, therefore, find no error prejudicial to the plaintiff in error in the record. The judgment of the Court of Common Pleas is affirmed.

HAMILTON and CUSHING, JJ, concur.