No. 33,700

Harry Justice, *Appellee*, v. The Arkansas City Flour Mills Company and The United States Fidelity and Guaranty Company, *Appellants*.

(76 P. 2d 402)

Opinion filed March 5, 1938.

*J. A. McDermott, Chandler F. Jarvis* and *J. M. McDermott,* all of Winfield, for the appellants.

*W. L. Cunningham, D. Arthur Walker* and *Wm. E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a workmen's compensation case. Claimant was allowed compensation for the loss of an eye, as provided in G. S. 1935, 44-510 (3) (c) (15). Respondents have appealed and con-

tend the court erred, (1) in holding that the claim for compensation was made in time, and (2) in not giving credit on the award of compensation for payments which the claimant previously had received because of a prior injury to the eye. All other facts entitling claimant to compensation had been stipulated.

The first question arises in this manner: On May 30, 1936, claimant's eye was so injured that it had to be removed. Respondents in due time began paying compensation by check each week or two weeks. Claimant received and cashed six of these checks, up to and including the check dated July 18, 1936. He received respondents' checks regularly thereafter, up to and including October 29, but for some reason not disclosed by the evidence, had not cashed those. With the last of these checks respondents sent a joint petition and stipulation, which it requested claimant to sign, to the effect that this was payment in full for twenty percent of the loss of the eye and temporary disability, and all respondents owed. Claimant then consulted counsel, and on his advice, on November 3, 1936, returned the joint petition and stipulation unsigned, and also returned the uncashed checks, and at the same time made claim for compensation. Respondents argue that since this claim for compensation was made more than 90 days after July 18, 1936, which was the date of the last check the claimant had cashed, the claim for compensation was not within the time required by G. S. 1935, 44-520a. The point is not well taken. The checks sent in the interim were payments, so far as respondents were concerned. Had the bank on which they had been drawn failed, perhaps claimant would have been the loser. We think he might have cashed the checks, except the last one, without prejudice to his rights. Since he could not well have accepted the last one without prejudicing his rights, the fact that he returned the other uncashed checks was no prejudice to respondents.

The second question arises in this way: On September 2, 1931, while working for the Kansas Mill and Elevator Company, both operating under the compensation act, plaintiff got lime in this same eye, causing an open corneal ulcer over the pupil, impairing the vision, for which he received compensation for an eighty percent loss of vision. The Kansas Mill and Elevator Company went into receivership, and another corporate entity, the present respondent, the Arkansas City Flour Mills Company, took over the business prior to plaintiff's present injury. Respondents contend that claimant having lost eighty percent of his vision in the eye by the former in-

jury, for which he was paid under the compensation act, they are liable in this proceeding for only twenty percent for the loss of the eye. The point is not well taken. The amount to be paid is governed by the statute. The only provision of our compensation law which respondents argue is applicable here is G. S. 1935, 44-510 (3) (c) (24), which reads:

"If a workman has suffered a previous disability and received a later injury, the effects of which together with the previous disability shall result in total permanent disability, then and in that event the compensation due said workman shall be the difference between the amount provided in the schedule of this section for his prior injury and the total sum which would be due said employee for such total disability, computed as provided in section 11 [44-511] of this act, but in no case less than six dollars ($6) per week nor more than eighteen dollars ($18) per week."

Claimant here is not seeking total permanent disability, as provided by section 11 of the act. He makes no contention that his prior injury, together with his present one, results in total permanent disability under that section; hence this provision has no application here. The paragraph under which claimant is entitled to compensation in this proceeding—G. S. 1935, 44-510 (3) (c) (15)—is for the loss of an eye; not for the loss of a perfect eye. The court found claimant lost an eye. This is not controverted. The statute provides what compensation he shall receive for the loss of an eye. That is what the compensation commissioner and the trial court gave him:

We have considered all the arguments of counsel, and the authorities cited, but deem it unnecessary to make an extended discussion or review of them.

The judgment of the court below is affirmed.