In the Matter of the Claim of WALTER O. RIEGLE, Respondent, against W. F. FORDON et al., Appellants.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 14, 1948.

*Tucker & Bisselle* for appellants.

*Nathaniel L. Goldstein, Attorney-General,* for respondent.

FOSTER, J. Claimant was employed as a general farm laborer, and while engaged in the course of his employment his right eye was scratched by some weeds. Thereafter an acute inflammation developed requiring enucleation of the eye. An award of compensation was made for a 100% loss of the eye as a member.

It is conceded that claimant's right eye was totally blind before the accident. Appellants assert on the basis of this fact that the award was improper and should have been limited to facial disfigurement; in other words, that since the eye was not a useful member no award could be made for its loss as a member.

The statute makes no such distinction (Workmen's Compensation Law, § 15, subd. 3). If the word "useful" is to be interpolated it should be done by the Legislature. Moreover, there are other considerations beside disfigurement. Doubtless most people would prefer to retain and not lose a natural eye even though the eye may be sightless. An artificial eye may well produce discomfort and irritations. And beyond this there usually remains with the average person the hope that the advancement of medical science may provide a way for restoration of sight. These considerations should not be ignored by judicial interpolation.

The award should be affirmed, with costs to the Workmen's Compensation Board.

HILL, P. J., HEFFERNAN and RUSSELL, JJ., concur; BREWSTER, J., dissents, in the following memorandum: The scheduled award which has been made is necessarily based upon the premise of a permanent partial disability which the undisputed evidence shows to be nonexistent. The "member" of claimant's body which was "lost" was not his right eye as an organ of vision for it had been totally and permanently without power of vision for many years prior to the enucleation of its remaining structures. Its lens had been removed long before the accident which occasioned the removal of what remained. The statute makes it clear to me that the scheduled loss of an eye contemplates a resulting loss of some use of it as an organ of vision. (Workmen's Compensation Law, § 15, subd. 3, pars. e, p, r, s.) It would seem that only such a loss can incur a permanent partial disability. But, in any event, the scheduled loss is noncompensable unless it causes some permanent disability. In *Bervilacqua* v. *Clark* (250 N. Y. 589), the compensation which was upheld for the "loss of a member", an eye, was

predicated upon a disability caused thereby. The record here is barren of any evidence which supports a finding of the kind of disability which is a statutory *sine qua non* for the award appealed from, and no such finding has been made. The decision and award should be reversed and the matter remitted for an award of temporary total disability and facial disfigurement in accord with the evidence applicable thereto. (*Matter of Hughes* v. *Held*, 263 App. Div. 768. See, also, *London Guar. & Acc. Co.* v. *Industrial Com.*, 76 Col. 155; *Rye* v. *Chevrolet Motor Co.*, 229 Mich. 39.)

Award affirmed, with costs to the Workmen's Compensation Board.