McKenzie *v.* Gulf Hills Hotel, Inc.

No. 39281          October 11, 1954          74 So. 2d 830

*Rushing & Guice,* Biloxi, for appellant.

*Wallace & Greaves,* Gulfport, for appellees.

HALL, J.

Appellant was employed by appellee as a general maintenance man. While engaged in and about the discharge of his duties he sustained an injury to his eye as a result of which it became infected and removal of the entire eyeball by surgery became necessary. About thirty years previously a splinter had punctured the lens of this same eye and had destroyed the vision therein but with no apparent disfiguration of the eye.

Our Workmen's Compensation Law, Code of 1942, Section 6998-09 provides for payment of benefits for a period of 100 weeks for the loss of an eye. Appellant filed claim for such benefits and it was allowed by the attorney-referee and by the commission. On appeal

to the circuit court that court reversed the judgment of the commission and granted judgment for the employer. The sole question presented is whether the loss of a sightless eye is covered by the Act. The legislature provided that an employee shall receive benefits for 100 weeks for the loss of an eye and it made no distinction between a good eye and a defective eye nor did it limit recovery to the loss of vision in an eye. ██ The employee in this case has unquestionably lost an eye ██ and under our declared policy of interpreting the statute favorably to the workman we cannot write into the act that it covers only the loss of vision for the act does not so provide. If it is to be so limited, that is a matter for the legislature and not for the courts. Our conclusion is supported by ample authority.

In the case of Riegle v. Fordon, 273 App. Div. 213, 76 N. Y. S. 2d 523, the Appellate Division of the Supreme Court of New York said:

"Claimant was employed as a general farm laborer, and while engaged in the course of his employment his right eye was scratched by some weeds. Thereafter an acute inflammation developed requiring enucleation of the eye. An award of compensation was made for a 100% loss of the eye as a member.

"It is conceded that claimant's right eye was totally blind before the accident. Appellants assert on the basis of this fact that the award was improper and should have been limited to facial disfigurement; in other words, that since the eye was not a useful member no award could be made for its loss as a member.

"The statute makes no such distinction (Workmen's Compensation Law, Sec. 15, Subd. 3). If the word 'useful' is to be interpolated it should be done by the Legislature. Moreover, there are other considerations beside disfigurement. Doubtless many people would prefer to retain and not lose a natural eye even though the eye may be sightless. An artificial eye may well produce

discomfort and irritations. And beyond this there usually remains with the average person the hope that the advancement of medical science may provide a way for the restoration of sight. These considerations should not be ignored by judicial interpolation.''

The above case was carried to the highest appellate court in the State of New York and was affirmed. Riegle v. Fordon, 298 N. Y. 560, 81 N. E. 2d 101.

In Hemphill v. Co-Operative Refinery Assn. of Coffeyville, et al., 174 Kan. 301, 255 P. 2d 624, the Supreme Court of Kansas said:

''This brings us, then, to a determination of the real question in this case, namely, does the removal of a totally sightless eyeball entitle a workman to compensation for 'the loss of an eye'?

''The loss of an eye by a workman covered by the Act is a scheduled injury for which compensation in a definite amount is allowed. Our applicable statute, G. S. 1951 Supp. 44-510(3) (c) (15), reads: 'For the loss of an eye, or the complete loss of the sight thereof, sixty percent (60%) of the average weekly wages during one hundred ten (110) weeks.'

''The precise question here has never been before this court, although in at least two cases the right to recover for the loss of an impaired eye has been decided.

''In Justice v. Arkansas City Flour Mills Co., 147 Kan. 402, 76 P. 2d 802, the workman had suffered a previous injury to an eye for which he received compensation for an eighty per cent. loss of vision. Several years later, while employed by a different employer, he sustained another injury to the same eye which resulted in its removal. He sought and was awarded compensation for 'the loss of an eye' under the statute then in force, it being identical to our present statute above quoted. Respondents contended that as claimant had formerly lost eighty per cent. of his vision in the eye in question, for which he had been compensated, they were therefore

liable for only twenty per cent. for the loss of the eye as a result of the later injury. This court held that such contention was not well-taken, and in affirming the award said:

" 'The paragraph under which claimant is entitled to compensation in this proceeding, G. S. 1935, 44-510(3) (c) (15), is for the loss of an eye; not for the loss of a perfect eye. The court found claimant lost an eye. This is not controverted. The statute provides what compensation he shall receive for the loss of an eye. That is what the compensation commissioner and the trial court gave him.' 147 Kan. at page 404, 76 P. 2d at page 803.

"A similar question arose in Marquiss v. Bilwil Mining Co., 166 Kan. 420, 202 P. 2d 194, 195. In that case the claimant, prior to the employment in question, and while working for himself, sustained an injury to his right eye which materially impaired its sight. Some time later, while in the employ of respondent, he sustained another injury to the same eye, which arose out of and in the course of his employment, and as a result the eye, which became completely blind, was removed and replaced with an artificial one. It was contended that a workman who sustained an injury to an impaired eye resulting in complete loss of sight of such eye, and its ultimate removal, was not entitled to compensation for its loss. The trial court allowed compensation for ' "the loss of an eye" ' and on appeal the award was affirmed. The decision followed the holding in the Justice case, supra, and it was again held that the provision of the statute (identical to our present one) is to be construed as requiring payment of compensation to an injured workman for the loss of an eye, not for the loss of a perfect eye, and the fact that a prior injury to the same eye had materially impaired its sight does not preclude recovery for its loss.

"It will be seen that in each of those cases compensation was allowed on the theory the claimant had 'lost an

eye' and that prior impairment of its sight was immaterial.

"While it appears that here the lower court possibly based its decision in part on the medical evidence showing a 'potential usefulness' of claimant's eye, we prefer to base our decision upon the express language of the statute, irrespective of its potential usefulness. The statute provides compensation for:

" ' * * * the loss of an eye, *or* the complete loss of the sight thereof, * * *.' (Our emphasis.) It does not restrict recovery to the loss of a perfect or an impaired eye, and the use of the word 'or' would indicate the legislature had in mind the physical removal of an eye, even though defective or sightless, as well as the complete loss of the sight of an eye. Prior to the injury in question claimant was possessed of his left eye, even though it was sightless. He does not have it now. He has lost an eye!"

The above case was followed in Justice v. Continental Can Co., 174 Kan. 539, 257 P. 2d 564.

In McCadden v. West End Building & Loan Assn., 18 N. J. Misc. 395, 13 A. 2d 665, the Court of Common Pleas of New Jersey had this same question before it and said:

"We now turn to the question of law, as to whether the surgical removal of an eye is 'the loss of an eye' under the statute, despite the fact that the sight of that eye had been largely impaired previous to the accident in question. Note that this act, to be liberally construed, speaks in terms, not of the loss of vision, but of 'the loss of an eye.' And this provision (s) is surrounded by nineteen similar provisions running from (d) through (v), all of which, with one exception, refer in so many words to the loss of a body member. This exception (u) refers to 'the total loss of hearing in one ear,' there being no express provision for the loss of an ear. Following this lengthy schedule of member losses, comes subdivision (w) covering 'all lesser or other cases in-

volving permanent loss, or where the usefulness of a member or any physical function is permanently impaired.' Doubtless, the loss of an ear, or a portion of a toe, for instance, would be considered a 'loss' under (w), while a strictly functional disability, of partial permanent quality, would be an impairment of 'usefulness.' In other words, the word 'eye,' in (s) immersed amidst other members, refers to the body member, eye, and not to the function of vision, the loss of which is separately covered by subsection (w). Compare Burbage v. Lee, 87 N. J. L. 36, 93 A. 859; Orlando v. Ferguson & Son, 90 N. J. L. 553, 102 A. 155; Combination Rubber Mfg. Co. v. Obser, 95 N. J. L. 43, 115 A. 138; Combination Mfg. Co. v. Court of Common Pleas, 96 N. J. L. 544, 115 A.. 138; Sigley v. Marathon Razor Blade Co., 111 N. J. L. 25, 166 A. 518; Everhart v. Newark C. & D. Co., 119 N. J. L. 108, 194 A. 294.

"The previously decided eye cases, whether with or without enucleation, are not to the contrary. While many of them refer to (s) or (v) in permitting recovery for a functional loss, this is due simply to the fact that in calculating such recovery under the functional subsection (w), it is necessary to refer, in an eye case, to (s) or (v) as the basis. Feldman v. Braunstein, 87 N. J. L. 20, 93 A. 679; Vishney v. Empire Steel & Iron Co., 87 N. J. L. 481, 95 A. 143; Orlando v. Ferguson & Son, supra; Purcell v. International Motor Co., 91 N. J. L. 707, 103 A. 860, 104 A. 894; Combination Rubber Mfg. Co. v. Obser, supra; Johannsen v. Union Iron Works, 97 N. J. L. 569, 117 A. 639; Sigley v. Marathon Razor Blade Co., supra.

"In fact, the Workmen's Compensation Bureau has already held twice previously, that the enucleation of a partially sightless eye, constitutes the loss of an eye under the statute. Cheatham v. O'Brien, May 6, 1939; Russo v. Frank DiGiacomo & Co., December 19, 1939.

"And similar has been the construction throughout the United States, though, of course, the variant statutory

provisions must be borne in mind. The courts have there held, with but few exceptions, that the loss of a totally or partially sightless eye, constitutes the loss of an eye. Shaughnessy v. Diamond Iron Works, 166 Minn. 506, 208 N. W. 188; Warheim v. Melrose Co., 161 Minn. 275, 201 N. W. 543; Mosgaard v. Minnesota St. R. Co., 161 Minn. 318, 201 N. W. 545; Thompson-Starrett Co. v. Ferguson, 43 Ohio App. 169, 183 N. E. 47; Purchase v. Grand Rapids Refrigerator Co., 194 Mich. 103, 160 N. W. 391; Hayes v. Motor Wheel Corp., 233 Mich. 538, 208 N. W. 44; Liimatta v. Calumet & Hecla Mining Co., 229 Mich. 41, 201 N. W. 204; Justice v. Arkansas Flour Mills Co., 147 Kan. 402, 76 P. 2d 802; City of Shelbyville v. Kendrick, 161 Tenn. 149, 29 S. W. 2d 251; Hobertis v. Columbia Shirt Co., 186 App. Div. 397, 173 N. Y. S. 606; Bervilacqua v. Clark, 225 App. Div. 190, 232 N. Y. S. 502; Id., 250 N. Y. 589, 166 N. E. 335; Leach v. Grangeville Highway Dist., 55 Idaho 307, 41 P. 2d 618.

"The only cases, even apparently to the contrary, are Rye v. Chevrolet Motor Co., 229 Mich. 39, 201 N. W. 226; Rector v. Roxana Petroleum Corp., 108 Okla. 122, 235 P. 183; Quinn v. American International Shipbuilding Corp., 77 Pa. Super. 304. But the statute involved in the first case, adhering to the above minority rule, contains no separate functional impairment section, such as exists in New Jersey. And the statutes involved in the last two cases specifically provide that the loss of an eye means a loss of vision, which the New Jersey act does not. Furthermore, this construction is quite consonant with the previously construed meaning of the New Jersey act, that it covers workmen of all ages and conditions of health, their awards to be governed, not by their pre-existing condition, but by the result of the compensable accident. Bateman Mfg. Co. v. Smith, 85 N. J. L. 409, 89 A. 979; Combination Rubber Mfg. Co. v. Obser, supra; Berstein Furniture Co. v. Kelly, 114 N. J. L. 500, 177 A. 554; Id., 115 N. J. L. 500, 180 A. 832; Richardson

v. Essex National Trunk, etc., Co., Inc., 119 N. J. L. 47, 194 A. 622.''

The McCadden Case went to the Supreme Court of New Jersey, 126 N. J. L. 1, 17 A. 2d 65, and the decision of the lower court was affirmed. It was then carried to the highest appellate court of that State, the Court of Errors and Appeals, and the decision of the Supreme Court was affirmed by the unanimous decision of thirteen Judges of that Court. 127 N. J. L. 245, 21 A. 2d 737.

The Supreme Court of Minnesota dealt with the same question in Shaughnessy v. Diamond Iron Works, 166 Minn. 506, 208 N. W. 188, and ruled in favor of the workman notwithstanding the fact that it resulted in the payment of full compensation for the loss of vision in his first accident and a second payment of full compensation in a second accident which resulted in the loss of the eyeball.

In view of the authorities cited and the reasons which we have given, the judgment of the circuit court is reversed and judgment will be here entered in favor of appellant and the cause remanded so that the commission may supervise and enforce payment of the compensation due.

Reversed and judgment here and cause remanded.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.