Hillsborough,
No. 4538.

CROWN WOODWORKING COMPANY & a.

*v.*

ROLAND GOODWIN & a.

Argued January 2, 1957.

Decided January 31, 1957.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Philip G. Peters* (*Mr. Peters* orally), for the plaintiff.

*Louis P. Faustini* (by brief and orally), for the defendant.

KENISON, C. J.   The issue in this case is whether the removal of a blind eye necessitated by an industrial accident is compensable as an "eye lost" within the specific scheduled benefits provided for in the permanent partial disability section of the Workmen's Compensation Law.   When the disability is partial in character but permanent in quality RSA 281:26 XII provides for compensation as follows: "Eye lost, one hundred and eighteen weeks' compensation, plus for actual healing period not in excess of twenty weeks' compensation."   Another related subdivision of the same section of this statute (RSA 281:26 XVII) contains the following provision: "Compensation for loss of eighty per cent or more of the vision of an eye shall be the same as for the loss of an eye."

The parties are in agreement that the employee was entitled to

compensation for temporary total disability from the time of the accident until he returned to work. RSA 281:23. Likewise it is not disputed that the employee was entitled to his medical and surgical expenses as well as a glass eye. RSA 281:21. These benefits have been received by the employee and paid for by the employer.

There is a decided conflict among the authorities on the question whether an employee is entitled to compensation for an "eye lost" in the case of the removal of a totally sightless eyeball. Anno. 142 A. L. R. 822. Representative of those jurisdictions allowing recovery are *McKenzie* v. *Gulf Hills Hotel, Inc.*, 221 Miss. 723; *Mosgaard* v. *Minneapolis Ry. Co.*, 161 Minn. 318; *Riegle* v. *Fordon*, 273 App. Div. 213, *aff'd* 298 N. Y. 560. While the variations in statutory language play a part in the result reached, this has not appeared to be a dominant factor. In *Hemphill* v. *Cooperative Refinery Ass'n*, 174 Kan. 301, the statute provided compensation "for the loss of an eye, or the complete loss of the sight thereof," and it was held that the loss of an eye did not mean the loss of vision and compensation was allowed for the loss of a blind eye. Jurisdictions allowing recovery in these cases state that it was the legislative intent there should be recovery whether the eye is normal, impaired, or blind. 16 NACCA Law Journal 497.

Jurisdictions denying recovery have stated that it was the legislative intent that the employee should be compensated for a normal eye or an impaired eye but not for a totally sightless one. *Rye* v. *Chevrolet Motor Co.*, 229 Mich. 39; *Rector* v. *Roxana Petroleum Corp.*, 108 Okla. 122; *Quinn* v. *American International Shipbuilding Corp.*, 77 Pa. Super. 304. In the last analysis the decision turns on the legislative intent expressed in the Workmen's Compensation Law in each individual state.

It does not follow because a particular jurisdiction allows compensation for the loss of a defective eye or one with impaired vision that recovery is necessarily allowed for a blind eye. *Florida Game and Fresh Water Fish Com'n* v. *Driggers*, (Fla.) 65 So. (2d) 723, 726. When a law provides for compensation for the loss of an eye but does not specify a normal one, it may be concluded that it refers to an eye which performs in some degree the functions of a normal eye. *Kraushar* v. *Cummins Construction Corp.*, 180 Md. 486; *Purchase* v. *Grand Rapids Refrigerator Co.*, 194 Mich. 103. See *Texas Employers Ins. Ass'n* v. *Thrash*, (Tex. Civ. App.) 136 S. W. (2d) 905.

There is no case in this state which throws any light on the answer to this question under the New Hampshire law. However, subdivision XVII, providing that compensation for the loss of eighty per cent or more of the vision of an eye shall be the same as for the loss of an eye (XII), indicates a legislative determination to correlate loss of an eye with loss of its vision. Although no claim is made that the second injury fund (RSA 281:47, 48) applies to the present case, that fund was created for the purpose of encouraging the employment of handicapped persons. In view of this policy in New Hampshire, it is doubtful if the Legislature intended to provide for double recovery for the loss of an organ or a member which was previously useless.

Construing the Workmen's Compensation Law as a whole and construing subdivisions XII and XVII together, we conclude that compensation was not intended where the employee loses a totally sightless eye, provided that he receives medical and surgical care with a proper artificial appliance and compensation for the actual healing period. While the 1955 amendment (Laws 1955, c. 98, s. 8) to RSA 281:26 is not controlling in this case, it is significant that it specifically provides for a result consistent with the conclusion we have reached.

*Exception overruled.*

All concurred.