18283

George F. MOSS, Appellant-Respondent, v. DAVEY TREE EXPERT COMPANY and Aetna Casualty and Surety Company, Respondents-Appellants.

(139 S. E. (2d) 532)

128

*Messrs, Johnson & Smith,* of Spartanburg, *for Claimant-Appellant,*

*Messrs. Butler & Chapman,* of Spartanburg, *for Defendants-Appellants.*

*Messrs. Butler & Chapman,* of Spartanburg, *for Defendants-Respondents,*

December 10, 1964.

Moss, Justice.

This is a proceeding for compensation under the Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962, instituted by George F. Moss, claimant, against Davey Tree Expert Company, employer, and Aetna Casualty and Surety Company, carrier.

The claimant was a tree climber for his employer. His employment required him to climb trees and cut limbs therefrom and, thereafter, to assist in loading and hauling away the brush from such cutting. It appears that on February 16, 1959, while the claimant was engaged in loading brush, a limb struck him in his left eye causing a puncture wound thereof in the area of the pupil. Claimant's injury required the enucleation of the left eyeball on March 30, 1959.

The record shows that the claimant, when a boy fourteen years of age, suffered an injury to his left eye, not connected with his employment. A physician presented as a witness for the employer testified that prior to February 16, 1959, the claimant's vision in his left eye was impaired and that in such eye he had 15% vision for distance and none for close vision. The claimant testified that prior to his injury on

February 16, 1959, that he could see out of his left eye well enough to read a newspaper or the Bible. He further testified that in using a gun he shot left-handed and with his left eye he could see through the peep sight of the gun and had been successful in killing rabbits while so shooting. He admitted that the sight of his left eye was impaired and "was crossed to the right."

A hearing was conducted by a single commissioner to determine whether or not the claimant was an employee of the Davey Tree Expert Company and whether he sustained an injury by accident arising out of and in the course of his employment; and, if so, to determine what benefits and compensation he was entitled to under the Workmen's Compensation Act. The said commissioner, on January 11, 1960, filed his award wherein he found that the claimant suffered an injury by accident while employed as aforesaid arising out of and in the course of his employment. It was further held that the claimant sustained a disability and was entitled to the medical care provided for in said Act. The award further held that the claimant was entitled to an award for the specific loss of his left eye, at his compensable rate for a period of one hundred weeks. This award was made pursuant to Section 72-153(16) of the Code. As a finding of fact the commissioner held that the claimant had no useable industrial vision in his left eye at the time of the injury thereto. The claimant was also awarded compensation for serious facial and head disfigurement.

The record shows that the claimant has been paid for his temporary total disability for the entire period of such disability. He has also been paid medical expenses as found to be due because of his injury. Likewise the award for serious head and facial disfigurement has been paid in full.

The employer and its carrier appealed to the full Industrial Commission from the award of the single commissioner, asserting that he was in error in awarding compensation for one hundred weeks for the specific loss of the claimant's eye.

A majority of the full commission affirmed the single commissioner's award with one commissioner concurring with the amendment to "reduce the number of weeks for loss of vision to 7½ weeks." By appropriate exceptions the employer and the insurance carrier appealed from the award of the full commission to the Circuit Court of Spartanburg County, asserting that so much of the award as holds that the claimant was entitled to compensation for 100% loss of his eye was erroneous.

The appeal of the employer and the carrier was heard by the Honorable J. Woodrow Lewis, then a Circuit Judge, now an honored and respected member of this Court, who, by his order dated May 12, 1960, reversed the award of the commission granting compensation for 100% total loss of the left eye, holding that the claimant was entitled to compensation only to that degree of vision which he had prior to his compensable injury. The case was, by such order, remanded to the Industrial Commission to determine the amount of vision, if any, in claimant's left eye existing prior to the injury thereto on February 16, 1959, and to make an appropriate award therefor. All parties have appealed to this Court from the aforesaid order.

The exceptions of the parties raise the question of whether claimant, who having only 7½% vision in his left eye, because of a pre-existing injury, sustains a subsequent injury thereto, which occasions enucleation thereof, is entitled to the scheduled compensation for the loss of an eye as is provided in Section 72-153(16) of the Code or should he be limited to no more than 7½% which was the equated percentage of vision he had in his left eye prior to his second injury.

Section 72-153 of the Code, which sets out a schedule of compensation for loss of specific members of the body, provides in subsection (16) thereof that the weekly compensation to be paid for the loss of an eye shall be 60% of the injured employee's average weekly wages during one hundred

weeks. In subsection (18) it is provided the total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye, and that the compensation for partial loss of or partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss.

In the case of *G. E. Moore Co. v. Walker,* 232 S. C. 320, 102 S. E. 2d 106, we held that in determining the amount to be awarded under Section 72-153 of the Code the wages are considered only for the purpose of determining the amount to be allowed per week. The period during which the weekly payments are to continue is based solely on the character of the injury and not upon the earnings or earning capacity of the injured employee. In *Singleton v. Young Lumber Co.,* 236 S. C. 454, 114 S. E. 2d 837, we held that where an injury is confined to a scheduled member of the body, the employee is limited to the scheduled compensation fixed in the statute.

The question arising out of the precise factual situation here has not been decided by this Court. However, there are numerous decisions from other jurisdictions which in both reason and logic are in point on the question here involved. Many of these decisions are based upon a statute similar in import to Section 72-153(16) of our Code. The rule followed in the majority of these decisions holds that the right to compensation for the loss of an eye as the result of an injury is not affected by the fact that it was previously defective or impaired. *Hessley v. Minneapolis Steel Const. Co.,* 156 Minn. 405, 195 N. W. 274; *Wareheim v. Melrose Granite Co.,* 161 Minn. 275, 201 N. W. 543; *Haas v. Globe Indemnity Co.,* 16 La. App. 180, 132 So. 246; *State ex rel. Gilmore v. Industrial Commission of Ohio,* 127 Ohio St. 214, 187 N. E. 770; *McCadden v. West End Building & Loan Ass'n,* 13 A. (2d) 665, 18 N. J. Misc. 395; *Liimatta v. Calumet & Hecla Mining Co.,* 229 Mich. 41, 201 N. W. 204; *Mosgaard v. Minneapolis*

*St. Ry. Co.*, 161 Minn. 318, 201 N. W. 545; *Hemphill v. Co-operative Refinery Ass'n,* 174 Kan. 301, 225 P. (2d) 624; *Riegle v. Fordon,* 273 App. Div. 213, 76 N. Y. S. (2d) 523, affirmed 298 N. Y. 560, 81 N. E. (2d) 101; *McKenzie v. Gulf Hills Hotel,* 221 Miss. 723, 74 So. (2d) 830; and *Flanigan v. C. A. Hunt Eng. Co.,* 268 App. Div. 838, 50 N. Y. S. (2d) 254, and *Kraushar v. Cummins Const. Corp.,* 180 Md. 486, 25 A. (2d) 439. Numerous other citations could be added. We hereinafter refer to several of the cited cases.

In the *Hessley case* it appears that one of the employee's eyes had been injured when he was a child. The eye was not blind and he could distinguish light from darkness and discern persons approaching him but could not read with it. In the course of his employment this eye was so injured that it had to be removed. It was held that he had lost a member of the body and was entitled to the compensation he would have received if he had lost a perfect eye. In the *Kraushar case* it was held that a compensable injury to an eye as a result of which it had to be enucleated entitles the employee to compensation for "loss of eye" though he had only 5% vision in the eye prior to the injury. In the *Haas case* an employee was held entitled to compensation for "loss of eye", removed as a result of an accident in employment, though vision was impaired by prior injury from air rifle ball. In *McCadden* it was held that under a statute providing compensation for the "loss of an eye", the removal of a partially or totally sightless eye, as a result of an accident in employment, constituted "loss of an eye" and was compensable. In *Gilmore,* a workman sustaining an injury resulting in the removal of eyeball, held entitled to compensation for "loss of eye"; phrase "loss of eye" meaning loss of physical organ not merely loss of vision.

Prior perfect or normal vision is not a prerequisite to the recovery of the scheduled compensation for the loss of an eye. One who has only partial vision in an eye and loses such eye as the result of a second injury,

is entitled to the scheduled compensation for the loss of such eye. Our statute does not restrict recovery to the loss of a perfect or impaired eye. Prior to the injury in question, the claimant was possessed of his left eye, even though the vision thereof was defective and impaired. As a result of the injury, the claimant has lost not merely the defective and impaired vision which he had in his eye but has also lost the organ itself. This, we think, constitutes "the loss of an eye" as such is used in Section 72-153(16) of the Code.

The trial Judge, in reversing the award made by the full Commission relied upon the cases of *Schwartz v. Mount Vernon-Woodberry Mills,* 206 S. C. 227, 33 S. E. (2d) 517, and *Hopper v. Firestone Stores,* 222 S. C. 143, 72 S. E. (2d) 71. We do not think these cases are controlling of the issue here. It is sufficient to say that in the *Schwartz case* there was no loss of an eye, only the partial loss of vision in an already defective eye. In the *Hopper case* the record shows that the claimant had at the time of his injury a non-existent leg from the standpoint of the compensation Act, having lost 100% of his leg prior to the second injury. It was held that there was no basis upon which an award for permanent disability or specific loss could be computed. It thus appears that the two cited cases are not apposite or here controlling.

All parties to the action have appealed from the order settling the case on appeal. It is not necessary for us to pass upon the questions raised by these exceptions.

The exception of the claimant is sustained, the order appealed from is reversed, and the award of the full Industrial Commission is affirmed. The judgment of the lower Court is reversed and this case remanded thereto for an order in accordance with the views herein expressed.

Reversed.

TAYLOR, C. J., and BUSSEY and BRAILSFORD, JJ., concur.

LEWIS, J., disqualified.