BRADLEY, Judge.
This is a workmen’s compensation case.
Albert Lee Barnett, employee, was, as a result of a childhood accident, blind in his left eye. While at work on December 7, 1981, employee sustained an injury to his blind eye. The eye was surgically removed and he was fitted with a prosthetic device. Employee filed a complaint in the Etowah County Circuit Court for workmen’s compensation benefits against his employer, Gold Kist, Inc.
After discovery employee filed a motion for summary judgment. The trial court granted summary judgment and held that employee’s injury fell within the scheduled injury provision for loss of an eye as provided in the Workmen’s Compensation Act, section 25-5—57(a)(3)(a)(17), Code 1975. In reaching this conclusion the trial court relied on Minnesota case law in which the Minnesota Supreme Court determined that removal of a previously blinded eye, necessitated by a work-related accident, is com-pensable as “loss of an eye” under the scheduled injury provisions of the Minnesota code. Mosgaard v. Minneapolis St. Ry. Co., 161 Minn. 318, 201 N.W. 545 (1924). Employer appeals.
The sole issue raised by the employer is whether the loss of a sightless eye is com-pensable under Alabama’s workmen’s compensation statutes. Although this is a case of first impression for this court, several jurisdictions have confronted this issue. However, there exists a split among the jurisdictions as to whether compensation should be granted in such circumstances. See generally 82 Am.Jur.2d Workmen’s Compensation § 354 (1976); 99 C.J.S. Workmen’s Compensation, § 316 (1958).
The jurisdictions which do not allow scheduled injury compensation for removal of a previously blinded eye generally hold that for there to be a “loss of an eye,” the eye must, prior to injury which causes uselessness of the eye or necessitates enucleation, perform in some degree the functions of a normal eye and therefore have some usefulness in industry. See, e.g., D’Amico Macaroni Co. v. Industrial Commissions, 44 Ill.2d 519, 256 N.E.2d 9 (1970); Rye v. Chevrolet Motor Co., 229 Mich. 39, 201 N.W. 226 (1924). The requisite degree of vision in the eye before the injury varies widely *704 among these jurisdictions from the ability only to distinguish light from darkness, Purchase v. Grand Rapids Refrigerator Co., 194 Mich. 103, 160 N.W. 391 (1916), to a twenty percent of normal vision, with glasses, requirement. Cook v. Colby College, 155 Me. 306, 154 A.2d 169 (1959).
Employer urges this court to follow this approach and asserts that the basic premise of the Workmen’s Compensation Act is that compensation should be paid in accordance with loss of earning capacity. Gold Kist recognizes that the scheduled injury provisions of the Act are not dependent upon actual wage loss. However, scheduled injury statutes should not be construed in a manner which would thwart the controlling purpose of the compensation act — that the worker be compensated for his loss of ability to earn, not physical injuries as such. Employer claims that Barnett’s injury did not affect his earning capacity.
As noted by the trial court in its conclusion of law, our Workmen’s Compensation Act was modeled after the Minnesota act and our supreme court has held that the Minnesota construction of their laws is of persuasive value to our courts. Eley v. Brunner-Lay Southern Corp., 289 Ala. 120, 266 So.2d 276 (1972); Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315 (1958); Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6 (1949); Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288 (1938).
The Minnesota Supreme Court, in granting compensation for loss of a blind eye, looked to the plain language of the statute, which gives compensation for loss of a body member without reference to the ability of the member to perform its natural functions. The inequalities such an award created was a matter for the legislature, not the courts. Shaughnessy v. Diamond Iron Works, 166 Minn. 506, 208 N.W. 188 (1926); Mosgaard v. Minneapolis St. Ry. Co., supra.
In Riegle v. Fordon, 273 App.Div. 213, 76 N.Y.S.2d 523 (N.Y.App.Div.1948), the New York appellate court responded to an employer’s argument that “loss of a member” compensation should not be awarded for loss of a useless member — a sightless eye— by stating:
“The statute makes no such distinction. Workmen’s Compensation Law, § 15, subd. 3. If the word ‘useful’ is to be interpolated it should be done by the Legislature. Moreover, there are other considerations beside disfigurement. Doubtless most people would prefer to retain and not lose a natural eye even though the eye may be sightless. An artificial eye may well produce discomfort and irritations. And beyond this there usually remains with the average person the hope that the advancement of medical science may provide a way for restoration of sight. These considerations should not be ignored by judicial interpolation.”

Riegle v. Fordon, supra.

The Kansas Supreme Court in Hemphill v. Co-operative Refinery Association, 174 Kan. 301, 255 P.2d 624 (1953), took a similar approach and held that their statute did not restrict compensation for “loss of an eye” to the loss of a perfect eye. Recovery should be allowed under the statute for loss of a sightless eye.
When faced with the same issue as in the case at bar, the Supreme Court of Mississippi stated that:
“The [Mississippi] legislature provided that an employee shall receive benefits for 100 weeks for the loss of an eye and it made no distinction between a good eye and a defective eye nor did it limit recovery to the loss of vision in an eye. The employee in this case has unquestionably lost an eye and under our declared policy of interpreting the statute favorably to the workman we cannot write into the act that it covers only the loss of vision for the act does not so provide. If it is to be so limited, that is a matter for the legislature and not for the courts.”
McKenzie v. Gulf Hills Hotel, 221 Miss. 723, 74 So.2d 830 (1954).
The plain language of the Alabama statute does not limit “loss of an eye” recovery to the loss of an eye with vision. Given the persuasive authority of the Minnesota deci *705 sions on this court and our policy to construe the workmen’s compensation statute liberally in favor of the employee we affirm the trial court’s decision.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.