218 F.2d 651
 OLD DOMINION STEVEDORING CORPORATION and Liberty Mutual Insurance Company, Appellants,
v.
Stephen O'HEARNE, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, Fifth Compensation District, Appellee.
 No. 6849.
 United States Court of Appeals, Fourth Circuit.
 Argued October 16, 1954.
 Decided January 6, 1955.
 
 L. S. Parsons, Norfolk, Va. (Venable, Parsons, Kyle & Hylton, Norfolk, Va., on the brief), for appellants.
 Herbert P. Miller, Atty., U. S. Dept. of Labor, Washington, D. C. (Lester S. Parsons, Jr., U. S. Atty., Wm. F. Davis, Asst. U. S. Atty., Norfolk, Va., Stuart Rothman, Sol. of Labor, and Ward E. Boote, Asst. Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., on the brief), for appellee.
 Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.
 SOPER, Circuit Judge.
 
 
 1
 This appeal raises the question whether Abner Davis, an employee of the Old Dominion Stevedoring Corporation, is entitled under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to full compensation on the basis of permanent partial disability for the loss by accidental injury of an eye affected by pre-existing chronic non-congestive glaucoma.
 
 
 2
 On November 26, 1952, while the claimant was engaged in loading a ship afloat on the James River at Newport News, Virginia, he was struck in the left eye by a hand iron which slipped from the hand of a fellow worker, and suffered a laceration of the cornea. His average weekly wage was $45 per week and he was away from work for one day as the result of the injury. He filed a claim for compensation and a hearing was had in which medical testimony on behalf of the employer and the insurance carrier indicated that the deficiency in the eye was not due to the accident but to the pre-existing disease and the case was dismissed.
 
 
 3
 The claimant, however, continued to suffer pain in the eye and consulted a physician on March 18, 1953, who first performed an operation to relieve the tension in the eye; but the pain persisted and on May 29, 1953 the eye was removed. The claimant then applied for a review of the order dismissing his claim on the ground of mistake, and the case was reopened and a new hearing granted. The District Commissioner then found that at the time of the injury the claimant had 20 per centum visual efficiency in the eye, and that the eye was useful to him, and as he sustained a 100 per centum loss through the removal of the eye as the result of the injury, the claimant was allowed compensation for 152/7 weeks at $30 per week, for temporary total disability, and compensation for 140 weeks at $30 per week for permanent partial disability. On petition to review the latter award the District Court affirmed the decision of the Deputy Commissioner, and this appeal followed.
 
 
 4
 The appellants contend that the award was wrong for three reasons: (1) that there is not substantial evidence, looking at the record as a whole, to support the finding that the injury caused the loss of the eye; (2) that since § 908(c) (16) of the Act provides that compensation for the loss of 80 per centum or more of the vision of an eye shall be the same as for loss of the eye, it follows that loss of an eye whose visual efficiency is only 20 per centum, as in the present case, is the loss of an industrially blind eye for which there can be no compensation; and (3) that under § 908(f) (1) (2), which pertains to an injury increasing disability, the most that claimant can recover in this case is compensation for 20 per centum visual loss, since this was the visual efficiency of the eye prior to the accident. We do not think that any of these contentions should be sustained.
 
 
 5
 There was substantial evidence, looking at the record as a whole, to justify the finding of the Deputy Commissioner that the injury which occurred on November 26, 1952 caused or contributed to the pain which resulted in the removal of the eye on May 29, 1953. One of the doctors for the appellants found that one year prior to the accident the claimant had a corrected visual efficiency of 20 per centum in the left eye, notwithstanding the glaucoma. The claimant testified that prior to the accident he could see and that when he was struck in the eye on the day of the accident, the pain immediately began, and continued until the eye was removed; and that during this period the sight decreased until he became almost if not totally blind. The appellants' doctors were of the opinion that the loss of sight was due to the glaucoma and not to the accident, and one of them was of the opinion that the claimant was blind before the accident. On the other hand the claimant's doctor removed the eye because of the pain and he testified that it was reasonable to believe the claimant's testimony that he had sight in the eye before the accident. Thus an issue of fact was raised on which substantial evidence in the claimant's favor was offered which justified the determination of the Commissioner. It is well settled in compensation law that it is sufficient to justify an award if the accident was only a concurring cause or if it merely aroused a pre-existent but dormant disease into disastrous activity. Hampton Roads Stevedoring Corp. v. O'Hearne, 4 Cir., 184 F.2d 76, 78; see also Larson on Compensation Law, §§ 12.20, 59.20.
 
 
 6
 The second contention centers around the finding of the Commissioner that the claimant only possessed visual efficiency of 20 per centum in the injured eye prior to the accident. Section 908 (c) (16) of the Act provides that compensation for loss of 80 per centum or more of the vision of an eye shall be the same as for the loss of the eye; and it is argued that within the meaning of the Act, an eye with only 20 per centum visual efficiency is industrially blind and for its total loss no compensation can be allowed. We do not think that this can be inferred from the Act. It does not follow that there should be no recovery for the loss of an eye with visual efficiency of 20 per centum, because Congress has seen fit to authorize recovery for total loss of an eye when only 80 per centum has actually been lost. Laws providing for the relief of injured employees should be liberally construed in favor of the injured employee. Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366. The ruling in Iacone v. Cardillo, 2 Cir., 208 F.2d 696, does not call for such a result as is urged by the appellants. There the employee lost a blind eye and the court held that this was not an eye for which compensation is allowed under the Longshoremen's Act. A number of state decisions are in accord with the Iacone case in this respect, although some allow recovery even where a blind eye is lost. Mosgarrd v. Minneapolis St. Ry. Co., 161 Minn. 318, 319, 201 N.W. 545; Riegle v. Fordon, 273 App.Div. 213, 76 N.Y.S.2d 523, affirmed 298 N.Y. 560, 81 N.E.2d 101. We hold, as does the great weight of authority, that an award for the loss of an eye having useful vision is proper. See 142 A.L.R. 825.
 
 
 7
 The final point relates to the bearing of § 908(f) (1), (2) on the facts of this case. This section provides as follows:
 
 
 8
 "Injury increasing disability: (1) If an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: Provided, however, That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in Section 944 of this chapter.
 
 
 9
 "(2) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (1) of this subdivision, the employer shall provide compensation only for the disability caused by the subsequent injury. In determining compensation for the subsequent injury or for death resulting therefrom, the average weekly wages shall be such sum as will reasonably represent the earning capacity of the employee at the time of the subsequent injury."
 
 
 10
 It is contended that under the interpretation placed on this section of the Act by the Supreme Court in Lawson v. Suwannee S. S. Co., 336 U S. 198, 69 S. Ct. 503, 93 L.Ed. 611, the award in the pending case must be limited to the loss of 20 per centum of actual vision. In the Lawson case an employee lost one eye in an accident unconnected with industry or with his employment and a later injury in the course of his employment deprived him of the other eye making him totally and permanently disabled. It was held that the employer was liable only for the loss of the second eye and that additional compensation for the second injury should be paid out of the special fund. It was contended that the term "disability", defined in § 902(10) of the Act as meaning incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment, indicated that disability refers only to a disability resulting from injury arising out of previous employment; but the Supreme Court pointed out that the purpose of § 908(f) was to enable handicapped persons to procure employment; and that if the first "injury increasing disability" in § 908 (f) was restricted as contended, the legislative intent to combat discrimination against the handicapped would be frustrated. The Supreme Court ruled that the term "disability" was not a term of art; and that the loss of the first eye, although not in the course of employment, was a "previous disability" within the meaning of the section. This decision obviously does not require that the claimant in the present case be denied recovery or compensation for the total loss of an eye.
 
 
 11
 Nearly all of the states have statutes which contain provisions similar to § 908(f) of the Federal Act, and under them it is quite uniformly held that if a partially defective eye is lost in the course of employment, recovery for the total loss of the eye should be allowed. See 142 A.L.R. 825. The courts seem to reach this result as a matter of course and rarely discuss the application of the "previous disability" section to the problem. The reasoning inherent in the decisions seem to be that as the second injury would have caused the loss of a normal eye, compensation must be awarded on that basis, and the fact that the eye was already defective, does not alter the situation. Furthermore, as pointed out in some decisions, the schedule of awards in the statutes such as § 908(c) (5) in the Federal Act speak of loss of an eye and not of a perfect eye. Hamilton v. P. E. Johnson & Sons, 224 Iowa 1097, 276 N.W. 841; McCadden v. West End Bldg., & Loan Ass'n, 126 N.J.L. 1, 17 A.2d 65, affirmed 127 N.J.L. 245, 21 A. 2d 737; Truesdell v. Albany Hospital for Incurables, 262 N.Y. 662, 188 N.E. 110.
 
 
 12
 We conclude that the settled meaning of the words of the statute thus established by a long line of cases should be followed in the instant case.
 
 
 13
 Affirmed.