In the Matter of the Claim of JOSEPH FERRARO, Appellant, against SPERRY GYROSCOPE Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant has appealed from a decision of the Workmen's Compensation Board disallowing his claim for compensation on the ground that he did not sustain an accident within the meaning of the Workmen's Compensation Law, and that he failed to give his employer notice of his alleged injury. The evidence sustains the finding of the board. Determination unanimously affirmed, without costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Russell, JJ.

In the Matter of the Claim of EDWARD POLHILL, Respondent, against MASELL MFG. Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of compensation made by the Workmen's Compensation Board for 100% permanent loss of use of claimant's right thumb. Claimant sustained accidental injuries which required the amputation of the distal phalange and a part of the proximal phalange of his right thumb. The board has found that the effects of his injuries constituted a 100% permanent loss of the use of the thumb. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Brewster, Foster, Russell and Deyo, JJ.

In the Matter of the Claim of WILLIAM REDMAN, Respondent, against MICHAEL IACULLI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award made by the Workmen's Compensation Board for 100% loss of claimant's right eye. At the time of the accident the claimant had light perception only in that eye. The accident necessitated its enucleation. Whether or not the evidence supports the finding that prior to the accident the claimant had "useful vision" in his right eye it is conceded that the accident necessitated its removal. The claimant therefore suffered the permanent loss of a member and is entitled to the schedule award. (See *Matter of Riegle* v. *Fordon*, 273 App. Div. 213, decided herewith.) Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Foster, Russell and Deyo, JJ., concur; Brewster, J., dissents.