■ In the Matter of the Claim of DOMINICK F. PADUANO, Respondent, v. NEW YORK STATE WORKMEN'S COMPENSATION BOARD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal by the employer and its insurance carrier from a decision which awarded compensation benefits for disability due to injuries sustained by claimant on October 25, 1966 in a fall from a bathtub in his hotel room. Claimant, a member of the Workmen's Compensation Board, was one of a panel of board members assigned to conduct hearings in Binghamton. At the morning session, the hearing room was very hot, due to some malfunction of the heating system, one panel member testifying that it was hotter than an 80-degree summer day. The session ended at about noon and claimant accompanied the other two members of the panel to the airport, had lunch there, and, after the plane departure of one of the others, returned to his hotel, arriving there at about 4:00 P.M. Because he "felt clammy from the heat in that [hearing] room", claimant prepared to take a shower and, upon stepping into the tub, slipped and fell. As authority for its finding of a compensable accident, the board cited *Matter of Miller* v. *Bartlett Tree Expert Co.* (3 N Y 2d 654). As appears from the opinion in this court in that case (3 A D 2d 777, 778), in distinction to the factual situation in the appeal now before us, "two aspects of the work were in continuity, one exposing claimant to becoming physically dirty and the other requiring him to be neat in appearance." We consider that the factual pattern of this accident brings it, instead, within the authorities which have stamped bathtub and shower falls of this nature as personal acts and have denied compensation accordingly. (See *Matter of Orpin* v. *Brother & Co.*, 15 A D 2d 282, affd. 12 N Y 2d 749; *Matter of Covell* v. *New York State Court of Claims*, 30 A D 2d 736; *Matter of Friedwald* v. *New York State Ins. Dept.*, 17 A D 2d 670; *Matter of Seaman* v. *Hewlett Fire Dept.*, 8 A D 2d 573.) Neither are we able to adopt respondents' contention that these cases are to be effectively distinguished as involving, in each instance, an affirmance of the board's disallowance of the claim upon a factual finding of nonliability, while here the factual determination was the other way. Indeed, in *Miller* (*supra*), upon which the board relied, the Court of Appeals affirmed this court's *reversal* of the board's disallowance of the claim. When, as here, the record presents only uncontradicted facts from which no conflicting inferences are reasonably to be drawn, the question becomes one of law (see *Matter of Kaplan* v. *Zodiac Watch Co.*, 20 N Y 2d 537). In respect of that legal issue, the cases hereinbefore cited seem to us to be conclusive. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson,

P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam*.