In the Matter of the Claim of GEORGE FARLEY, Respondent, *v.* MARTIN MECHANICAL CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 20, 1969.

*Martin V. Rush* (*Anne M. Powell* of counsel), for appellants.

*John M. Cullen* for Special Disability Fund, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Harry Rackow* of counsel), for Workmen's Compensation Board, respondent.

*Markhoff, Gottlieb, Lazarus, D'Auria, Taylor & Maldonado* (*Abraham Markhoff* of counsel), for claimant-respondent.

STALEY, JR., J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 20, 1968.

On April 26, 1949 the claimant, a steamfitter in the course of his employment, sustained an accidental injury to his left eye and received a schedule award for 100% loss of binocular vision. (Workmen's Compensation Law, § 15, subd. 3, par. p.) In addition, claimant was found to have a total permanent disability because his right eye had been amblyopic since childhood, and he only had 20/200 vision in his right eye prior to the accident.

Thereafter, claimant's left eye was fitted with a trifocal lens which corrected the central vision of his left eye to 20/20 vision. He then resumed work at his trade and, while working for the employer-appellant, he sustained a second work-connected accidental injury to his left eye on July 28, 1965. This second injury necessitated the surgical removal of the left eye. The claimant

was then fitted with a prothesis which he finds irritating when worn for more than eight hours. The Workmen's Compensation Board awarded claimant a schedule loss of 100% of the left eye as the result of this second injury. (Workmen's Compensation Law, § 15, subd. 3, par. e.) Thus, the award predicated on the 1949 accidental injury was pursuant to paragraph p, providing compensation "for loss of binocular vision or for eighty per centum or more of the vision of an eye", while the award on account of the 1965 injury was under paragraph e for "Member lost * * * Eye". Prior to the second accident the claimant had 20/20 central vision of the left eye.

The appellants contend that, since the claimant received an award for 100% loss of binocular single vision of the left eye as the result of the 1949 accident, he should not recover a second 100% loss of the eye which was enucleated as a result of the 1965 accident.

It has been repeatedly held that a claimant may recover a schedule award for 100% loss of an eye if he has an accident which results in enucleation even though he had no useful vision in such eye. (*Matter of Riegle* v. *Fordon,* 273 App. Div. 213, affd. 298 N. Y. 560; *Matter of Redman* v. *Iaculli,* 273 App. Div. 835, affd. 298 N. Y. 559; *Matter of Fellows* v. *Rumsey Mfg. Corp.,* 272 App. Div. 858, mot. for lv. to app. den. 297 N. Y. 1034; *Matter of Bervilacqua* v. *Clark,* 225 App. Div. 190, affd. 250 N. Y. 589.)

In *Matter of Riegle* v. *Fordon* (*supra*), the claimant injured his right eye which was totally blind, which injury resulted in enucleation of the eye. He received a schedule award for 100% loss of the right eye as a member, which was affirmed by this court stating:

" It is conceded that claimant's right eye was totally blind before the accident. Appellants assert on the basis of this fact that the award was improper and should have been limited to facial disfigurement; in other words, that since the eye was not a useful member no award could be made for its loss as a member.

" The statute makes no such distinction (Workmen's Compensation Law, § 15, subd. 3). If the word ' useful ' is to be interpolated it should be done by the Legislature. Moreover, there are other considerations beside disfigurement. Doubtless most people would prefer to retain and not lose a natural eye even though the eye may be sightless. An artificial eye may well produce discomfort and irritations. And beyond this there usually remains with the average person 'the hope that the advancement of medical science may provide a way for restoration of sight. These considerations should not be ignored by judicial interpolation."

The board determined that the provisions of paragraph e of subdivision 3 and paragraph p of subdivision 3 of section 15 of the Workmen's Compensation Law are separate, and were not intended to provide a single remedy for loss of the eye as a member, as well as loss of binocular vision.

Although the question raised on this appeal does not appear to have been previously passed upon by the courts of this State, the decision of the board falls well within the statutory framework of section 15 and within the legislative intent to clearly distinguish between the loss of binocular vision, and the loss of an eye as a member, although it established the same amount of compensation for each. Nothing in the statute suggests that only one remedy is available to claimant for both injuries. The law does not require the claimant to wait until he cannot work at his trade, and has loss of earnings due to his injuries to entitle him to compensation for permanent partial disability resulting from the loss of his eye due to an industrial accident. Schedule benefits for permanent partial disability are not dependent on actual wage loss.

Here the claimant was able to resume work upon optical correction of his left eye, but when he lost the left eye as a result of the second accident, he lost whatever vision was in the eye prior to that accident, in addition to the loss of the physical asset of the eye itself. The claimant is entitled to be compensated for that loss.

The decision should be affirmed, with costs to respondents filing briefs.

GIBSON, P. J., HERLIHY, REYNOLDS and COOKE, JJ., concur.

Decision affirmed, with costs to respondents filing briefs.