In the Matter of the Claim of FRANCIS BROWN, Respondent, v WILSON MOVING & STORAGE CO., Respondent; SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of LAVERNE HALL, Respondent, v BENCHLEY CONSTRUCTION COMPANY et al., Appellants; AGGREGATE TRUST FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 23, 1977

*George Cholet (John M. Cullen* of counsel), for Special Fund for Reopened Cases, appellant.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* for Francis H. Brown, respondent.

*Peter M. Pryor* for Wilson Moving & Storage Co. and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Phillips, Lytle, Hitchcock, Blaine & Huber (Peter B. Schreier* and *Barry Fish* of counsel), for Benchley Construction Company and another, appellants.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* for Laverne Hall, respondent.

*Peter M. Pryor (Louis Busell* for Aggregate Trust Fund, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polanksy* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. We are here concerned with two separate appeals involving the same legal question and, therefore, they will be treated together. The facts are not in dispute. In 1964 claimant Brown sustained an injury to his left eye when struck by a piece of glass while in the course of his employment. His injury resulted in loss of vision and in June, 1966, he received an award for the total loss of the use of the eye pursuant to section 15 (subd 3, par p) of the Workmen's Compensation Law and for serious facial disfigurement. Subsequently, in October of 1973 enucleation of claimant's left eye was required due to the development of secondary glaucoma which concededly was the result of claimant's 1964 injury. In 1976, the board made an additional award for 100% loss of the left eye pursuant to section 15 (subd 3, par e), of the Workmen's Compensation Law but no additional award was made for serious facial disfigurement.

On April 30, 1971 claimant Hall received an injury to his left eye and on December 8, 1972 received an award for serious facial disfigurement and 100% loss of vision. Thereafter the case was reopened and the eye was removed on November 10, 1973. He received an additional award for the loss of the eye.

The sole issue presented on these appeals is the propriety of granting an additional 100% schedule award for enucleation of an eye following an award for 100% loss of use of the same eye, where both are the result of the same accident. A resolution of the issue necessitates an interpretation of subdivision 3 of section 15 of the Workmen's Compensation Law.

The respondents, in urging affirmance, rely strongly on *Matter of Farley v Martin Mechanical Corp.* (31 AD2d 285) to justify the additional award for enucleation of the eye. In that case, a claimant who had previously received an award for 100% loss of binocular vision due to an injury of his left eye, was subsequently awarded a schedule loss of 100% of the left eye following a second accident which necessitated the surgi-

cal removal of the eye. Although the claimant in that case recovered an additional award for the loss of the eye, the important factor, not present in the instant case, is that removal of the eye was necessitated by a subsequent accident. In this court's opinion, where one accident results in both the loss of vision in an eye and the loss of the eye itself, it was the intention of the Legislature that only a single remedy be available (see *Matter of Flicker v Mac Sign Co.,* 252 NY 492). Otherwise an accident causing the loss of an eye would result not only in an award of a schedule loss of 100% of the eye but in addition an award for 100% loss of vision in the eye—in effect a double recovery for the loss of a single member caused by one accident. In our view, no such double recovery was contemplated by the Legislature and, therefore, it should not be allowed. Since the record presents only uncontradicted facts from which no conflicting inferences are reasonably to be drawn, the question is one of law *(Matter of Paduano v New York State Workmen's compensation Bd.,* 30 AD2d 1009, affd 25 NY2d 669). The decisions of the board granting additional awards for enucleation of an eye should be reversed.

There is, however, another aspect which requires comment by us. The Referee concluded in the *Brown* case that an increased award for serious facial disfigurement was in order as a result of the enucleation. Although no conclusion was reached by the Referee in the *Hall* case concerning an increased award for serious facial disfigurement, we are of the view that since the removal of the eye may be a more serious disfigurement and may further impair work opportunities, both claims should be remitted for findings on this issue.

The decisions should be reversed, without costs, and matters remitted for further findings not inconsistent herewith.

KOREMAN, P. J., GREENBLOTT, MAHONEY and HERLIHY, JJ., Concur.

In *Matter of Brown,* decision reversed, without costs, and matter remitted for further findings not inconsistent herewith.

KOREMAN, P. J., GREENBLOTT, KANE and MAHONEY, JJ., concur.

In *Matter of Hall,* decision reversed, without costs, and matter remitted for further findings not inconsistent herewith.